Good morning, Your Honor. May it please the Court. My name is Carlos Cruz and I represent the petitioner, Ms. Arellano-Mendoza. I'd like to reserve two minutes for rebuttal. All right. Please know that the total time shown is all you have. Yes, Your Honor. I understand that. Thank you very much. Your Honor, the Board of Immigration Appeals erroneously affirmed the denial of petitioner's motion to reopen in this case based on the following three reasons. First, the ample prima facie evidence of petitioner's continuous physical presence in the United States was completely ignored and disregarded by both the immigration judge and the Board of Immigration Appeals in this decision. Second, petitioner's motion to reopen included all of the evidence requested by the immigration judge. And third, in this case, petitioner was not required to submit a new application with a copy of documents that already existed in the record when the motion to reopen was filed. Your Honor, the evidence in the record provided ample prima facie evidence of her continuous physical presence in the United States. It is important to note that the Board denied this case on the basis of lack of physical presence ten years prior to the issuance of the notice to appear. In this case, the notice to appear was served on the respondent and on the court on June 19th, 2001. Therefore, the petitioner was required to establish continuous presence from June 19th, 1991 until June 19th of 2001. Counsel, this case is complicated a little by the fact that the first proceeding was postponed and the immigration judge informed your client that she wanted to withdraw for some reason because she didn't have the documents and she was told when she got the documents she could file a motion to reopen. So are you saying that we should look at the documents that were filed previously plus the documents that were filed later to come up with the years of presence? Absolutely, Your Honor. Well, that's a problem because why would the IHA have to go back to a prior filing and look at documents if the purpose for the continuance was to allow her to gather all of the documents that she needed? I understand that, Your Honor, because these were still the same proceedings. The case was never closed administratively or terminated by the immigration court. And although the judge that initially presided over the proceedings retired and the case was then assigned to a new judge, Immigration Judge Hull, in this particular case, the judge never started new proceedings anew. This was a continuous process. Yeah, but I analogize it to a civil case. And if a party files a complaint and then withdraws that complaint, the new complaint supersedes and the court doesn't look back to the old complaint for allegations. All the allegations that are in the new complaint are the operative allegations. So why should this be any different? Your Honor, for two reasons. Primarily because the judge's decision and the order and the instructions provided to the petitioner made it clear that once petitioner filed a motion to reopen, the court would reinstate the prior application. Now, where in the record did the court say that the prior application with all of the accompanying documents would be reinstated? Yes, Your Honor, that's going to be in the transcript that was later filed with the court at page 15, lines 20 to 25. What administrative record page? Judge, unfortunately, the actual transcript was never made part of the record. The transcript was later requested by this court, and it was submitted by government counsel in addition to the administrative record in this case. Okay, so do we have that as part of the record? Yes, Your Honor, that is part of the record, and that is at page 15 on the transcript. But I'd like to address that, Judge, because I think it's important to note what the judge specifically said. And what the judge said was very clear. She said, and I quote, that the petitioner wished to withdraw the application, but that it was without prejudice to the respondent, quote, reinstating it should she have all of her documents ready at a later date. Does that in and of itself mean, though, that these documents will necessarily travel with the case? It doesn't change it from what Judge Rawlinson said, if a case is dismissed without prejudice. You know, a new complaint could very easily be filed, could be the nature of an amended complaint. Why, if that's what the immigration judge meant, why didn't he or she simply say it? And I understand that, Your Honor, but I think that if you read on in the transcript, the judge then explains what documents she was referring to specifically. And the judge says that the documents that she is talking about and addressing, quote, relate to some immunization record of your older child, and also to some special educational need documents regarding one of the youngest children in this particular household. Those were the documents, the additional documents that she needed, that your client wanted to go back and get to make her record before the I.J. completes. Is that right? Yes, Your Honor. Those are the documents that the judge acknowledged were missing. And the reason for that, Judge, and it's really important to note this, is that the petitioner was represented by an attorney that was unfortunately disbarred. And she was the victim of notary fraud. And in that initial submission, there was one particular year missing. That was 1992. The only relevant document for the year 1992, a critical year in this case, was an affidavit from a witness. The child's immunization record provided that year. It was a 1992 year. In fact, and that is found, Judge, in the record at page 49 and 50. And this immunization record has four separate entries for 1992. One from January 1992, April 1992, and two other entries from August of 1992. So we're looking at a case where the judge is aware that there's information in the record which provides most of the years that are needed to establish her prima facie eligibility for relief, but there's one year in particular that is missing. Now, one option was to go forward and allow the petitioner to testify about that year. Another option was to submit that document. But the court could have denied petitioner that opportunity because she had had ample time to submit that document. Were you the attorney? I was not, Your Honor. Who was the attorney at the time when it became apparent that the judge didn't even know who the petitioner was and didn't know anything about the case? That was Mr. Corral, Your Honor. And he's not here? He is not present, no, Your Honor. Did he sleep through this operation? Judge, no, he didn't sleep through it. But what happened in this case is he was under the impression, based on an off-the-record discussion, which I'm not sure I can really address to the court, that the judge was going to reopen the case once he submitted the documents that were identified by the judge, mainly the immunization records and the special education documents. He withdrew the request and then filed the application. Well, the judge didn't say that the case would be reopened. It said you may file a motion to reopen. It didn't say the motion to ripple would be granted. That's the language in the record, Your Honor. That's the language in the transcript, and so I am bound by the language there. However, the BIA does note that even if the court accepted Mr. Corral's statements and representations as truthful, that is, that he was led to believe that the motion would be granted, that the board would nevertheless deny the motion for lack of evidence regarding the petitioner's continuous physical presence in the United States. But in this case, the evidence was quite clear. There are documents including tax returns, school records, records regarding medical conditions, bills, bank statements, and so on and so forth, and there was absolutely no reason for the court to disregard that evidence. There's one other point which I think is very important in addressing Judge Rolison's concerns regarding the evidence and the need to submit additional copies of documents that already existed in this record, and that is, Your Honor, that Section 1003.2c1 of HCFR provides that you are required to submit an application for relief when you're asking the court to reopen a case to file that application for relief. In this case, the application had already been filed. There was no need to submit an application for relief. That application was already part of this record. It's also important to note that the board never found that the motion was deficient. It simply said that there was an absence of continuous physical presence documents in the record. But the record, of course, contradicts that position on the part of the board, and therefore, given that there is prima facie evidence of petitioner's continuous physical presence in the United States, and given that that is the only reason why the board denied the motion, the decision is limited to that reason and that reason alone, we respectfully request this court to reverse the board's decision. Thank you, Your Honor. Thank you. Good morning, Your Honors. May it please the Court, Brianna Strickley on behalf of the respondent, the Attorney General of the United States. The immigration judge, as affirmed by the board, did not abuse its discretion when it denied petitioner's motion to reopen for failure to demonstrate prima facie eligibility for cancellation of removal. When petitioner previously withdrew her application for lack of documentation and then proceeded to attach zero documents in her motion to reopen geared towards demonstrating her... Also, let me ask you, when a motion to withdraw is granted, do the documents disappear or do they stay in the file? Physically, they stay in the file because it was part of the proceedings, so all the papers are in there, but their legal effect is nullified. Why? Because at this point, the reason for why they were withdrawn is the reason why they're negated. They should have no legal effect, and if they were to have a legal effect, they need to be specifically said so. But weren't they part of her motion in the first instance? She only withdrew it to get supplemental information and documentation. Once it was refiled, what was the purpose, administratively, of reproducing the copious documents that were already a part of the administrative record? Wouldn't it have been simpler for the IJ to take what was already a part of the administrative record, since that is what he told her he would do in so many words, and look at the supplemental documents? Aren't we really just exhorting form over substance here when we require her to resubmit what was already part of a physical file? I can understand your concern, Your Honor, but what we need to also realize in this case is that we're talking about two separate cancellation of removal applications that were both withdrawn, and from petitioners. Were the issues any different, though, counsel? As far as the 10 years physical presence. Right. That's what these documents were designed to demonstrate, is that right? Correct. But the reason for why we can't actually rely on those documents that were in a withdrawn application is because their reliability is highly suspect. You know, so first petitioners opening. What I don't understand is why those documents that were already part of the record and that were forming the foundation of her motion can't be considered together with the supplemental documents, especially when the IJ was on notice that the purpose of the withdrawal was to get the supplemental documents. It's a practical matter is what I'm trying to get to. Right. And if there's a reason that the IJ shouldn't consider that, cite me those reasons. Is there regulation? Is there a rule? Absolutely, Your Honor. First, to just say as a practical reason, because that seems to be the court's concern here, at any point in time, the previous attorney, Attorney Corral, could have said, instead of physically attaching the mass amount of documents, these are the documents I wish to incorporate by reference. That would have been sufficient. That was never done. Now, the reasons for why the first application and the vast amount of those documents are not reliable, and the immigration judge did not err by not relying on those, is because they have questionable reliance. The reason the application was voided and withdrawn is because of misinformation. You can turn to the AR-255. It is written on the front page of that application right across it. In fact, the IJ, in the December 17, 2004 hearing on page 17, lines 7 and 8, recognized that some of the documents did not even belong to Petitioner. And there's nothing to indicate in these applications what's good information as opposed to what's bad information. That's why Attorney Corral should have at some point said, if he wanted to incorporate by reference, okay, this document's okay, this one's not. We're incorporating this one by reference, and this one we're not. If Petitioner wanted to include it all, they are the ones that have that obligation, because it is Petitioner's burden. And the regulation that says that is 8 CFR 1240.8D, that says it's Petitioner's burden to establish eligibility for relief. That, coupled with the regulations for motions to reopen, which Petitioner's counsel cited, 8 CFR 1003.2C1, I'm going to read directly for emphasis, is a motion to reopen proceedings for the purpose of submitting an application for relief, must be accompanied by the appropriate application for relief, and all supporting documentation. All supporting documentation. In this case, the IJ was completely reasonable. The IJ in this case gave Petitioner multiple opportunities to present this evidence for 10 years. Which IJ, the first one or the second one? The initial judge, there's very, the transcripts that are before this court are somewhat limited, and what the procedures happened before him that he withdrew, Petitioner withdrew that cancellation removal. It switched to a second immigration judge, and that's the immigration judge's actions that are before this court. I will be focusing on how that immigration judge, Ms. Anna Ho, was reasonable. First, the immigration judge warned Petitioner about the need for physical presence evidence before Petitioner even came to the court to submit its application. She specifically said, all documents of residency of 10 years must be proven by the Petitioner and provided by the Petitioner at the July 8, 2004 hearing. She even went further and said, the quality of the documents I'm looking for are that the court gives a lot of credibility to documents such as IRS filings, W-2s, so on and so forth. She said that no matter what people do, you do buy things in the store, there are receipts. Petitioner came to the December 17, 2004 hearing without proper documentation of the 10-year presence. The IJ then, at Petitioner's request to withdraw her application, was reasonable and granted her that. What I want to take you to is to the transcript of that hearing. Petitioner's counsel cited a portion of that, but I'm going to cite the whole thing so you get the context. On page 17, line 13 through 24, the judge says to Petitioner, also, you have some documents at home regarding your 10 years' continuous residence and you because they relate to some immunization record in your older child and also you have a child in special education who you with to present special evidence and you don't have that evidence ready to proceed today and that is why you withdrew your application today without prejudice since it has been pending for over three years. Is that correct? Answer, yes. Judge. But that doesn't mean that the judge is precluded from looking at the documents that were already in the record. Right, but at that point, that is demonstrating that the IJ, this was, despite giving Petitioner an opportunity to come into court and present her evidence, was reasonable to allow her to withdraw that. What the IJ did was she then gave a second chance for Petitioner to actually submit this documentation, which Petitioner declined to do. On AR 38, the actual sheet says, motion to reopen denied until physical evidence is presented. So even though she didn't, the immigration judge denied the motion to reopen, she did so with the ability for Petitioner to supplement it. In the remarks section, it says, documentary evidence of physical presence. At any point after this order was issued, Petitioner could have supplemented and that would have been that. But Petitioner chose not to supplement. Petitioner chose to appeal to the board. And that's where we are. And so based on what that was, the record before the immigration judge and the board, and the fact that none of this information was either physically attached or alternatively incorporated by reference when it has questionable reliability, it's just simply inadequate to show that the immigration judge How is the, how does what the IJ did comport with mandate that we should give her a, the Petitioner a full and fair hearing with the reasonable opportunity to present her evidence? All she had to do was to look at the additional supplemental documentation, as she had promised to do when the application was withdrawn in the first place. Well, we would disagree. Are you, let me just clarify the question so I can answer it properly. When you're just discussing the supplemental documentation, are you referring to the documents attached to the first withdrawn cancellation of removal application or the second withdrawn? The second. The second. At that point, Your Honor, it's not just enough to show 10 years so that you have a date from 91 to whatever. It has to be continuous. So, you know, the way it normally works in practice is you demonstrate something for every year. It's simply piecemeal. And a piecemeal approach will not work and will not suffice under the regulations. So your argument is that because the application was marked void, that those documents were void as well that were submitted the first time because there was a question as to which ones were correct and which ones weren't correct. Correct, Your Honor. It was not error for the immigration judge to not rely on those documents because of their questionable reliability. You know, admittedly, it's only written on the top page, but we don't know if that was the application and the exhibits. And it seems to be that if there was some kind of distinguishment, then that would have to be made by Petitioner because it was their burden if they wanted to incorporate by reference. It said wrong information. Correct. On the application. Correct. But we don't know what was the bad, you know, what was bad information. Was it just the application or was it submitted documentation in the exhibits? We don't know. And that is why Petitioner had to say specifically, okay, no, this one I want to incorporate by reference. This is correct. That's all it would have taken. You know, Petitioner is not without recourse in this case, Your Honors. You know, if Petitioner believes that she can demonstrate prima facie eligibility, she can always move to reopen Suresponte. She can move to reopen and try and have DHS. Isn't the time, isn't it barred now? Isn't the motion to reopen barred at this point? If she obtained, for example, DHS's consent to join in the motion. Yeah. Well, I mean, quite frankly, if she can demonstrate the prima facie and it's clear, I would see no reason why they wouldn't join in that. Would it be worthwhile for us to send this case to mediation so DHS can decide if it will agree to reopen it? I see that in my time, but I would adamantly oppose that, Your Honor, for several reasons. One, this case could be resolved on its own based on the face of this record. Well, I'm just going on your representation that there are options available and now you're foreclosing the options. They are independent of this case on appeal. What Your Honor's had before, I mean, that could be done separately, but based off of this case and what the administrative record is before you, it is clear that the immigration judge and the board did not err by evaluating. What is really troubling is that the immigration judge patently and blatantly reneged on the promise to review these supplemental documents when the agreement was made to allow the withdrawal and to, without prejudice, and to file to reopen. Well, we would respectfully disagree, Your Honor, in the regard that the immigration judge did allow her to withdraw, did allow a motion to reopen, and did consider it. What she considered were the documents were insufficient. The point is that they don't demonstrate 10 years' continuous physical presence. And then the immigration judge went ahead and said, okay, even though... The documents that she didn't look at or the second judge didn't look at did, they were full of information about her presence in the, every year except possibly 1992 where there was some, maybe a piece of document missing, but there was all kinds of issues. And that was the only issue in the case. And there was ample evidence about the condition of her son in that second set of documents. What would be wrong with us remanding this case for the I.J. to look at both sets of documents, and then if the I.J. after looking at both sets of documents says, no, there's still not enough here, then we at least have a complete ruling from the I.J. I just, under that premise, are you assuming that the board didn't look at the evidence in the record? I don't think they looked at the first set of documents. There's abundant evidence that the second I.J. didn't look at the evidence. The problem with that is what our primary argument for why that first application shouldn't be relied upon. It was withdrawn. We don't know which exhibits are right or wrong. There's problems with former... We don't have a record from the I.J. that the first set of documents, why they were void. We don't have any record as to why they're unreliable. You're telling us they're unreliable, but the I.J. didn't make any kind of ruling on that. Well, I mean, from what the record does have is it does have a sheet that does say across the top it's misinformation, and we know that it was withdrawn, coupled with petitioner's statement that... ...and void. That's all it says. We don't know who wrote that. We don't know why they wrote it. The I.J. does. It could have been somebody other than the I.J. that wrote that. We don't know who wrote that, and the I.J. didn't give us an explanation as to why the application was void and why the information was wrong. Although that is the case, where we don't know who wrote it, it still detracts from the point of the case, which is every time a petitioner comes to move to reopen, it is their burden to present the evidence that is going to demonstrate their relief. That would be...I would agree with you, but for the conversation between the I.J. and the petitioner, where the I.J. specifically said, when you get your documents together and you can file a motion to reopen. So, I mean, I think a person could fairly say that the I.J. was just saying, get the additional documents and then come back. Right. And so the immigration judge did allow for the motion to reopen and then found that there wasn't enough evidence there for physical presence. The immigration judge let petitioner know this. In A.R. 38 and 37, it's clear that the I.J. put that condition, just supplement, just provide me with these documents. Petitioner didn't. Petitioner chose to appeal to the motion to reopen and whether it has documentation attached to it, it simply is insufficient to demonstrate 10 years physical presence. It just seems that, you know, as a matter of fundamental fairness, the I.J. could have looked at all the documents together and just made a ruling as to whether or not looking at the documents that were submitted previously and the documents that were supplemented, there's enough one way or the other. That's all that the petitioner was asking for. For the I.J. to look at everything and make a determination as to whether there's enough there. If the documents were wrong, if they were unreliable, it would be easy for the I.J. to say the burden hasn't been met because these documents are unreliable, the information is wrong, this doesn't even pertain to the petitioner. It would have been easy for the I.J. to do that. And although the I.J. could, you know, of course it would have been better if the I.J. specifically said these documents are unreliable because there's misinformation, which they actually did say that some of the documents did not even belong to the petitioner. There was questions about her identity and the transcripts on page 17, but also that, you know, opposing counsel was then discharged by petitioner for purported incompetency. And that's the attorney that submitted that documentation. There was a lot of reasons for why those exhibits shouldn't be credited. It would be better if the I.J. said that, and that's the reason why she didn't demonstrate prima facie eligibility. You talked about page 17 of the transcript? December, it's a December 17, 2004. Where is that in the AR? This is part of the transcript that was filed afterwards. What happened basically, just to clarify with the court, is... I have the transcript that was filed afterwards, July 9, 2004? December 17, 2004 is the hearing date, page 17, 978. And basically what happened was... This page has too many... I know. I don't know where that transcript is. Yes. What happens normally is that when a petitioner waives their appeal, which happened in this case, no transcript is produced because, you know, costs and things like that. Was that one produced to us as well? It was produced upon court order. So normally it's, you know, obviously Respondent's position that we are limited to the administrative record, but because Commissioner Shaw ordered production of this transcript... Right, but I'm asking where is it in our record? Oh, well, as far as the transcript is concerned, because that was filed as part of these but not in this specific administrative record. Okay, so you're on page 17. Yes, page 17, line 78. Yeah, but let's see. It is my understanding that there are some documents here that do not belong to you in this file. I mean, I do agree that it's very bare bones and we have, you know, what we have to work with for these, but that coupled with the fact that there were, you know, in the record there is a document from Corrales looking for basically trying to get documents from former counsel and stating that petitioner discharged that attorney for incompetency and that that first application with all that slew of documents that petitioner cites to in their opening brief that should have been considered by the IJ were attached to that application filed by an attorney who was discharged by petitioner for incompetency that had voided misinformation on it and, you know, submitted to a different IJ four years before the motion to reopen was filed. When the regs say you have to attach it, it's for these reasons that it can get messy, you know, and petitioner really, again, it doesn't have to be a physical attachment. All that was needed was to say I incorporate by reference this document. Okay, thank you. Your Honor, petitioner shares Judge Marbley's concerns regarding this particular immigration judge, and I'd like to refer this court to its latest decision in Rendon v. Holder issued on May 3rd, 2010 of this year, where this court cites to several cases where this same immigration judge has quote, exhibited a fundamental disregard for the rights of individuals who look to her for fairness. This is the judge who made a promise to the petitioner about the way in which she would reopen these proceedings. And I understand, Your Honor, but there was a belief on the part of petitioner that the case would be reopened upon presenting certain documents which were presented. I'd like to address that point. It would be considered, Your Honor, yes. And the motion to reopen with the documents identified by the immigration judge was indeed filed. Let me ask you this. Yes, ma'am. Would you be satisfied if we remanded this case for the immigration judge to look at the documents that were submitted originally, plus the documents that were submitted in the motion, the supplemental documents, and make a determination on the motion to reopen? Is that what you're asking us to do? Absolutely, Your Honor, because once the court considers those documents, the judge has no other option but to find that continuous... Maybe, maybe not. Maybe not, but... And I understand that, Judge. And I'd like to just make one other point, which is this. The Respondents' Counsel says that there were documents in the file that didn't pertain to the petitioner. But those documents relate to a deportation order the government counsel alleged at one point in the proceedings related to the petitioner. It was later discovered that that document regarding a prior deportation order did not relate to the petitioner. That is the document that the immigration judge is addressing in that portion of the transcript. And you can find that, if you look at this transcript, which is mail piece, at page 7, line 10, where the judge talks about a prior deportation order, that if the judge had found that there was a prior deportation order in this case, she could have simply reinstated that order. The proceedings would have been over. There wouldn't have been a need for additional consideration of the petitioner's application for cancellation of the removal. And therefore, Your Honor, we respectfully request that this Court reverse and remand this case to the immigration judge. Thank you. Now, let me ask you this.  Thank you, Your Honor. I'm here for you, Your Honor. Do you agree with opposing counsel's representation that your client still has avenues of relief available? Absolutely not, Your Honor. I can tell you I've practiced immigration court. I've been practicing immigration court for the last 12 years. In 12 years, I've had the chief counsel's office join in one motion to reopen. The BIA is extremely reluctant to reopening a case on a sua sponte basis. In fact, this Court has even held that the Ninth Circuit lacks jurisdiction to review a denial of a sua sponte motion to reopen. So you would, in essence, be leaving us at the mercy of the chief counsel's office that is reluctant to join in a motion to reopen, given their policy of finishing cases and not looking back at some of these cases, and the BIA that is overwhelmed with cases in an area where this Court can't consider whether the Court actually considered the evidence and whether, in fact, perhaps an abuse of discretion may have taken place. That is not an option for a petitioner in this case. Now, where in the record did you say the immigration judge referred to a prior deportation? Yes, Your Honor. That was at page 7, line 10. Is it the additional transcript? This is the additional transcript, Your Honor. And there is just a passing. Now, the problem here is that many of these discussions are taking place off the record in these cases. And so the record is incomplete because the judge goes on the record. Once a discussion has been provided to a petitioner and respondent or government counsel in this case, and then there's a summary of what's been discussed in these cases. So I believe that it would be important for this Court, if it chooses to, to provide some instruction to the immigration judges that says all discussions should take place on the record from the onset of the discussion to the conclusion. But unfortunately, we don't have that power. And I understand. And that's why we have an incomplete record. But nevertheless, if the Court had found a prior deportation order in this case, the case would have been terminated, the prior order would have been reinstated under INA section 241A.5, and the judge would have never given the petitioner the opportunity, as you note, Your Honor, to file a motion to reopen. Your point is well taken. Thank you, Your Honor. All right. Thank you. Thank you to both counsel for a case well argued. Thank you. The case is argued. It is submitted for decision by the Court. The next case on calendar for argument is Ilis v. Coulter. The part is here.
judges: Marbley, Goodwin, Rawlinson